IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERESA OLIVER, et al., | ) | 1:12-CV-1865 AWI SAB |
| | ) | |
| Plaintiffs, | ) | ORDER VACATING |
| v. | ) | HEARING AND ORDER ON |
| | ) | DEFENDANTS' MOTIONS TO |
| McNEIL-PPC, INC., et al., | ) | DISMISS AND TRANSFER |
| | ) | VENUE |
| Defendants. | ) | |
| _____ | ) | (Doc. Nos. 4, 16, 17) |

On November 13, 2012, Defendants' removed this matter from the Fresno County Superior Court. On November 20, 2012, Defendants filed a motion to dismiss and a motion to sever and transfer. On November 28, 2012, Plaintiffs filed a first amended complaint as a matter of right pursuant to Rule 15(a)(1)(B). On November 30, 2012, Plaintiffs filed a motion to remand and a motion to stay proceedings until the motion to remand had been ruled upon. Those motions were reset before the Magistrate Judge, and a hearing on those motions is to be held on February 1, 2013. On December 7, 2012, Defendants again filed a motion to dismiss and a motion to sever and transfer. Hearing on those motion is set for January 14, 2013.

Plaintiffs' motion to remand is based on the premise that, contrary to Defendants' position, McKesson Corporation is not fraudulently joined and complete diversity does not exist. See Doc. No. 10. If Plaintiffs' argument is correct, and McKesson is not fraudulently joined, then it would appear that the Court does not have subject matter jurisdiction and would be required to remand this case. See 28 U.S.C. § 1447(c).

Given the jurisdictional issues raised by Plaintiffs' motion to remand, it is not advisable to expend any judicial resources at this time on Defendants' motion to dismiss and motion to sever and transfer. The Court will vacate the January 14, 2013, hearing and deny Defendants' motions without prejudice until Plaintiffs' motion to remand is resolved. If Plaintiffs' motion to remand is ultimately denied, then Defendants may refile their motion to dismiss and motion to sever and transfer.

Finally, Defendants' first motion to dismiss remains pending on the docket. However, because the active complaint is the First Amended Complaint, the first motion to dismiss is attacking a non-operative pleading. See Fed. R. Civ. Pro. 15(a)(1)(B); Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997). The Court will deny the first motion to dismiss as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss filed on November 20, 2012 (Doc. No. 4) is DENIED as moot;

2. The January 14, 2013, hearing on Defendants' motion to dismiss and motion to sever and transfer is VACATED; and

3. Defendants' motion to dismiss (Doc. No. 16) and motion to sever and transfer (Doc. No. 17) are DENIED without prejudice to refiling following the resolution of Plaintiffs' motion to remand.

IT IS SO ORDERED.

Dated:   January 9, 2013

_____
UNITED STATES DISTRICT JUDGE