# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA OLIVER, et al., | CASE NO. 1:12-cv-01865-AWI-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| McNEIL-PPC, INC., et al., | (ECF Nos. 10, 27, 30) |
| Defendants. | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**I.**

**PROCEDURAL HISTORY**

Plaintiffs Theresa Oliver and Bruce Anderson filed this action on October 9, 2012, in Fresno County Superior Court alleging negligence; strict liability for failure to warn; strict liability for defective design; breach of express warranty; breach of implied warranty for a particular purpose; breach of implied warranty of merchantability; violation of California Business and Professions Code, section 17200, et seq.; violation of California Business and Professions Code, section 17500, et seq.; deceit by concealment in violation of California Civil Code, sections 1709 and 1710; negligent misrepresentation; violation of California Civil Code, sections 1750 et seq.; wrongful death; and a survival action. (ECF No. 1.) Generally, Plaintiffs contend that Daniel Oliver and Mildred Barta ingested Tylenol, which is exclusively marketed by Defendant Johnson & Johnson, and were subsequently diagnosed with liver failure which resulted in their death.

Defendants removed the action to the Eastern District of California on November 13, 2012, under 28 U.S.C. §§ 1332 and 1441 contending that diversity jurisdiction exists in this action under

the doctrine of fraudulent joinder. Defendants allege that Defendant McKesson Corporation ("Defendant McKesson") has been fraudulently joined and there is no possibility Plaintiff's can recover from Defendant McKesson based on the allegations in the complaint. (Notice of Removal 2, ECF No. 1.) Defendants filed a motion to dismiss and motion to sever and transfer the case on November 20, 2012. (ECF Nos. 4, 5.) On November 28, Plaintiff filed a first amended complaint addressing several allegations not included in the original complaint. (ECF No. 6.)

On November 30, 2012, Plaintiff filed the instant motion to remand to state court and a motion to stay the proceedings pending remand. (ECF Nos. 10, 11.) Defendants filed a second motion to dismiss, motion for change of venue, and renewed motion to sever on December 7, 2012. (ECF Nos. 16, 17.) Defendants' motions to dismiss, motions to sever, and motion to transfer venue were denied by the district judge without prejudice on January 25, 2012, due to the pending motion to remand. (ECF No. 25.) The district judge referred the motion for remand to the undersigned for findings and recommendations. On January 17, 2013, Defendants filed an opposition to the motion to remand. (ECF No. 27.) Plaintiff filed a reply on January 25, 2013.

This Court conducted a hearing on Plaintiff's motion to remand and motion to stay on February 1, 2013. Counsel Lowell Finson appeared by telephone for Plaintiffs Oliver and Anderson and counsel Sue Lyn Combs appeared by telephone for Defendants McNeil-PPC, Inc., Johnson & Johnson, and McKesson Corporation. The Court has read and reviewed the Plaintiffs' moving papers and Defendants' opposition, including all supporting documents. The Court further considered the arguments of counsel on the record. The following findings and recommendation hereby issues recommending granting Plaintiffs' motion to remand.[1]

## II.

## MOTION TO REMAND LEGAL STANDARD

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). A notice of removal

---

[1] An order addressing Plaintiff's motion to stay shall issue separately.

2

must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b), and in a case based upon diversity jurisdiction, the notice of removal must be filed within thirty days from which it was ascertained the case was removable, but not more than one year after the commencement of the action, 28 U.S.C. §§ 1446(b)(2)(C) and (c)(1).

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). For the purposes of establishing diversity of citizenship, a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

"The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque, 582 F.3d at 1087. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

## III.

## DISCUSSION

**A.    Diversity of the Parties**

The residency of the parties is undisputed. Plaintiff Oliver is a resident of California and Plaintiff Bruce is a resident of Texas. (Compl. ¶¶ 2, 4, ECF No. 1.) Therefore, diversity jurisdiction will not exist if any named defendant is a resident of the States of California or Texas. Defendant McNeil-PPC is a resident of Pennsylvania and Defendant Johnson & Johnson is a resident of New Jersey. (Notice Of Removal ¶¶ 11, 12, ECF No. 1.) Defendant McKesson is incorporated in the State of Delaware, with a principal place of business in California, and is therefore a citizen of Delaware and California for diversity purposes. (ECF No. 1 at ¶ 13; Notice of Removal ¶ 16.) Since Plaintiff Oliver and Defendant McKesson are both residents of California, diversity jurisdiction does not exist. Accordingly, if Defendant McKesson is properly joined in this action, the Court does not have

1  diversity jurisdiction, and this action must be remanded to State court.[2]

2       **B.**     **Position of the Parties**

Defendants removed this matter to federal court alleging fraudulent joinder. Plaintiff now seeks remand to state court arguing that Defendant McKesson was not fraudulently joined and this court does not have subject matter jurisdiction over the action. (Mot. and Memo. of P. & A. In Support of Mot. to Remand to State Court 8-11, ECF No. 10-1.) Plaintiffs contend that Defendant McKesson had a direct role in distributing the Tylenol to the decedents which caused their demise.

Defendants argue that Plaintiffs have not provided any basis for the conclusion that Defendant McKesson distributed the drugs at issue here or in any way contributed to the alleged injuries, failing to provide a causal nexus between Defendant McKesson and the injuries alleged. (Defs.' Opp. To Pls.' Mot. To Remand to State Court 8, ECF No. 27.) Further, Defendants contend that the allegations to be considered by the court are those alleged in the complaint that was in existence at the time the case was removed to federal court, not the first amended complaint filed after the removal. (Id. at 9.) Defendants allege that, even if the court were to consider the first amended complaint, Plaintiffs have still failed to state a claim against Defendant McKesson. (Id. at 11-12.) Alternately, Defendants request that, should the Court find that jurisdiction is not apparent on the current record, they be allowed to conduct targeted discovery on whether Defendant McKesson was the distributor of the product which the decedents ingested. (Id. at 14.)

Plaintiffs reply that the issue of fraudulent joinder as argued by Defendants has been considered by numerous other courts and remand has been granted. (Plaintiffs' Reply in Support of Mot. to Remand 2-3, ECF No. 30.) Further, Plaintiffs argue that when analyzing the issue of fraudulent joinder, the Court considers the first amended complaint in determining the motion to remand. (Id. at 3-5.) Plaintiffs assert they are not required to provide proof of their allegations at the pleading stage and the allegations in the complaint are sufficient to state a claim. (Id. at 6-8.) Finally, Plaintiffs contend that since this court does not have subject matter jurisdiction in this action, Defendants' request for limited discovery on the issue of Defendant McKesson's liability cannot be granted. (Id.

---

[2] Plaintiffs do not argue that the amount in controversy is insufficient to meet the jurisdictional requirement, it is solely the diversity of the parties that is at issue in this motion.

4

at 9.)

C.   **Fraudulent Joinder Legal Standard**

This case centers on Defendants' allegation that Defendant McKesson is fraudulently joined in this action, and the parties dispute the legal standard to be applied by this court. At the hearing on this motion, Defendants concede that their argument is that Plaintiff has failed to allege sufficient facts to determine if Defendant McKesson is the distributor of the medication at issue in this action. Defendants argue that since the bare allegations in the complaint are insufficient to state a claim, joinder of Defendant McKesson is fraudulent.

An exception to the requirement of complete diversity exists where a defendant has been fraudulently joined to defeat diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (*quoting* McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Where joinder is deemed fraudulent, the defendant's presence is ignored for the purposes of determining diversity. Morris, 236 F.3d at 1067. The claim of fraudulent joinder must be supported by "clear and convincing evidence." Hamilton Materials, Inc., 494 F.3d at 1206. The party seeking removal bears a heavy burden in proving that joinder of the in-state defendant is improper. Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).

In addressing the issue of fraudulent joinder, the Ninth Circuit looks to whether the facts in the complaint would preclude the plaintiff's recovery against the non-diverse defendant. *See* Morris, 236 F.3d. at 1067-68 ("abundantly obvious that [plaintiff] could not possibly prevail on her negligent representation claim").[3] While Defendants rely on out of circuit cases which have found fraudulent joinder based on the failure to state a claim, district courts in this circuit, which have considered the

---

[3] *See also* Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (defense that claim is preempted by federal law is attack on the merits, not a basis for attacking the removal from state court); Hamilton Materials, Inc., 494 F.3d at 1206 (plaintiff's claims against non-diverse defendants were time barred); United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (non-diverse defendant "is not a party to any relevant contract on which plaintiff could predicate a claim against her").

5

standard, apply the fraudulent-joinder rule in cases only where it is "indisputably clear" that the plaintiff will be unable to state a cause of action against the non-diverse defendant in state court.[4] *See* Tahoe Keys Marina & Yacht, LLC v. Merkelback, No. 2:12-cv-02582-GEB-AC, 2013 WL 221510, at *1 (E.D. Cal. Jan. 18, 2013).[5] It is not for the court to determine if the plaintiff will prevail on the merits of the claim, but to evaluate whether there is any possibility that the plaintiff may prevail. Board of St. Mary's Holy Apostolic Catholic Church of the East v. Addai, No. 1:12-cv-1448-AWI-BAM, 2012 WL 4764411, at *2 (E.D. Cal. Oct. 5, 2012).[6] If there is any possibility that the plaintiff would be able to establish liability against the defendant the joinder is not fraudulent. Bear Valley Family v. Bank Midwest, N.A., 2010 WL 3369600, at *2 (C.D. Cal. Aug. 23, 2010) (*citing* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:672 (The Rutter Group 2009)).

The Ninth Circuit has endorsed the view that the court may consider facts outside the complaint to identify "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Hunter, 582 F.3d at 1044. If the state court would grant the plaintiff leave to amend the complaint to cure a pleading defect, the deficiencies in the complaint are not obvious under the settled rules of the state. Burris v. AT&T Wireless, Inc., No. 3:06-cv-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006). "[A]ny ambiguity of law or fact must be resolved in favor of remand." Hattox v. State Farm Mut. Auto. Ins. Co., 2013 WL 314953, at *4 (S.D. Cal. Jan. 25, 2013) (*citing* Bear Valley Family, L.P., 2010 WL 3369600). Therefore, this court finds that the standard to apply in this action in determining if there has been fraudulent joinder is whether it is

---

[4] Defendants cite Aronis v. Merck Co., Inc., No. 2:05-cv-00486, 2005 WL 5518485 (E.D. Cal. May 3, 2005), in which the court found that McKesson Corp. was fraudulently joined based on the failure to state a claim for relief. However, this court does not find Aronis to be persuasive authority on the issue of fraudulent joinder as the facts there were less detailed then here and the court did not apply the standard used subsequently by courts of this circuit.

[5] *See also* Gonzalez v. J.S Paluch Co., Inc., No. 2:12-cv-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013); Morrow v. Wells Fargo Bank, No. 3:12-cv-03045-LB, 2012 WL 5471133, at * 4 (N.D. Cal. Nov. 9, 2012).

[6] *See also* Longmire v. HMS Host USA, Inc., No. 3:12-cv-02203 AJB (DHB), 2012 WL 5928485, at *4 (S.D. Cal. Nov. 26, 2012); Dunn v. Infosys Ltd., No. 3:12-cv-03561, 4:12-cv-03561, 2012 WL 4761901, at *2 (N.D. Cal. Oct. 5, 2012); London v. CBS, No. 2:12-cv-06605-GAF (FMOx), 2012 WL 4372280, at *4 (C.D. Cal. Sept. 25, 2011).

6

"indisputably clear" that the plaintiff will be unable to state a cause of action against Defendant McKesson in state court.

### D. Whether Defendant McKesson is Fraudulently Joined in this Action

#### 1. Complaint to be Reviewed

Plaintiffs are incorrect in arguing that the Court is to consider the amended complaint in determining if Defendant McKesson was fraudulently joined in this action. In determining whether the removal was proper, the court is to consider the pleadings filed at the time of removal. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1085 n.5 (9th Cir. 2009); Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989).

#### 2. Allegations in Complaint

Plaintiff's complaint alleges that Defendant McKesson claims to be:

> 1) the largest pharmaceutical distributor in North America distributing one-third of the medications used daily in North America, 2) the nation's leading health care information technology company, and 3) a provider of "decision support" software to help physicians determine the best possible clinical diagnosis and treatment plans for patients.

(Compl. ¶ 13, ECF No. 1.) Plaintiff also alleges that Defendant McKesson "conducted regular and sustained business in California by selling and distributing its products and services in California and engaged in substantial commerce and business activity in the County of San Francisco." (Id. at ¶ 14.)

Among other things, Plaintiffs allege that the defendants knew that Tylenol[7] was associated with liver and/or caused liver damage and continued to distribute it to consumers, including the decedents. (Id. at ¶ 26.) Additionally, Plaintiffs state that the Tylenol supplied by Defendants was defective due to inadequate post-marketing warnings and/or instructions and was unreasonably dangerous due to the inadequate warnings. (Id. at ¶¶ 37, 38.) Defendants failed to warn the decedents

---

[7] At oral argument, Defendants contend that Plaintiffs have failed to state a claim because the allegations in the complaint regarding the use of Tylenol make it impossible to determine the specific medication used by the decedents. However, this is a curable defect and goes to the merits of the claim, not to whether Plaintiffs' failure to state a claim against Defendant McKesson is obvious under the settled rules of the state. Board of St. Mary's Holy Apostolic Catholic Church of the East, 2012 WL 4764411, at *2.

7

or their prescribing physicians of preclinical studies on the risk of liver damage and Tylenol and had they been adequately warned the decedents would not have used Tylenol. (Id. at ¶¶ 39-40.) In marketing and distributing Tylenol, the defendants falsely represented that it was fit for the purpose for which it was intended. (Id. at ¶¶ 88-89.)

        3.        <u>Whether Failure to State a Claim is Obvious According to the Settled Rules of the State</u>

Defendants argue that Plaintiffs have presented no factual basis for bringing a claim against Defendant McKesson in this action and the claims are merely speculative. In opposing the motion, Defendants fail to argue or present evidence that Defendant McKesson did not provide the Tylenol that was ingested by the decedents, but argue that Plaintiffs do not have sufficient facts to show that Defendant McKesson provided the Tylenol.

The general rule under California law is that all of the participants in the chain of distribution can be strictly liable for injuries caused by a defective product. <u>Bostick v. Flex Equip. Co., Inc.</u>, 147 Cal.App.4th 80, 88 (2007). District courts have found that both manufacturers and distributors may be held strictly liable under California law for injuries caused by a prescription drug. *See* <u>Mendez v. AstraZeneca Pharmaceuticals LP</u>, No. 1:12-cv-00535-LJO-DLB, 2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012).[8] While Defendants argue that the allegations in the complaint are too bare to state a claim that Defendant McKesson distributed the medication at issue in this action, they do not show by clear and convincing evidence that the failure is obvious according to the settled rules of the state. <u>McCabe</u>, 811 F.2d at 1339.

Defendants' argument is that the facts alleged are insufficient to prove that Defendant McKesson distributed the medication that was ingested by the decedents. In deciding whether Defendant McKesson is fraudulently joined, this court is not to determine if Plaintiff can prevail on the merits of the claim, but whether there is any possibility Plaintiffs will prevail on the claim. <u>Board of St. Mary's Holy Apostolic Catholic Church of the East</u>, 2012 WL 4764411, at *2. Defendants would have the allegations directed toward all defendants disregarded in deciding the issue of

---

[8] *See also* <u>Hamzey v. Bayer Corp.</u>, No. 3:10-cv-00526-JM (CAB), 2010 WL 2011529, at *3 (S.D. Cal. May 19, 2010); <u>Andrews v. Bayer Corp.</u>, No. 2:09-cv-08762-DDP (FFMx), 2010 WL 234808, at *3 (C.D. Cal. Jan. 12, 2010).

8

fraudulent joinder. However, the fact that the allegations are directed at all defendants does not preclude the court from determining whether there is any possibility Plaintiffs could prevail on a claim under state law against Defendant McKesson. See Smith v. Southern Pac. Co., 187 F.2d 397, 401 (9th Cir. 1951) ("No specific charge in the complaints refer to [defendant] alone. We have no doubt that the complaints as they stand would be subject to a motion to make more definite and certain. But this is not the test in removal cases").

In this action, Plaintiffs claim that the decedents ingested Tylenol manufactured and distributed by the defendants which caused their demise, that the Tylenol was unreasonably dangerous, and defendants failed to warn the decedents and their treating physicians of the danger. The claims which are alleged are viable under California state law. Since there is a possibility that Plaintiffs will be able to establish liability against Defendant McKesson, joinder is not fraudulent. See Widder v. State Farm Fire and Cas. Co., No. 2:10-cv-02221-WBS-KJN, 2010 WL 4386698, at *3 (E.D. Cal. Oct. 28, 2010) ("plaintiff may be able to explain or expand on his allegations. . . . The court cannot conclude that it is impossible or fanciful that Plaintiff can establish liability against [the defendant.]").

Defendants also argue that Plaintiffs allegations are insufficient because they are based upon information and belief. Under California law, a plaintiff may allege upon information and belief any matters that are not within his personal knowledge as long as he has information leading him to believe that the allegations are true. Doe v City of Los Angeles, 42 Cal.4th 531, 550 (2007) (citation omitted). The fact that Plaintiff's allegations are based on information and belief does not make it "obvious according to the settled rules of the state" that the complaint fails to state a claim. McCabe, 811 F.2d at 1339; Mendez, 2012 WL 1911382, at *3.

While Defendants argue that Plaintiffs allegations are insufficient to state a claim against Defendant McKesson, the defects alleged are curable by amendment and Plaintiffs have articulated a valid theory of liability under California law. Lantz v. DaimlerChrysler Corp., No. 3:05-cv-02698-CRB, 2005 WL 1629937, at * 2 n.2 (N.D. Cal. July 8, 2005). The Court finds that Defendants have failed to meet their burden of establishing that Defendant McKesson was fraudulently joined in this action and remand is appropriate.

### E.    Defendants' Request for Targeted Discovery

Alternately, Defendants request that they be allowed to conduct targeted discovery on whether Defendant McKesson was the distributor of the product which the decedents ingested. Given the findings of this Court, that Defendant McKesson is not fraudulently joined, there are insufficient grounds to allow discovery to be conducted prior to remanding this action to state court. The district court lacks jurisdiction over this action and the parties will be able to conduct discovery in the state court proceedings. Should Defendant McKesson be dismissed from this action during the state court proceedings, Defendants will have the ability to remove this action within the statutory period. *See* 28 U.S.C. § 1446(c). The Court recommends that Defendants' request to allow discovery prior to remanding this action be denied.

### IV.

### CONCLUSION AND RECOMMENDATION

For the reasons stated, Defendants have not met their burden of establishing that removal is proper and the Court recommends that Plaintiff's motion to remand be granted.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for remand to state court be GRANTED; and
2. This action be REMANDED to Fresno County Superior Court from which it was removed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 1, 2013**             /s/ **Stanley A. Boone**
                                                               UNITED STATES MAGISTRATE JUDGE